# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40905
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2014

Lyle W. Cayce
Clerk

MARILYN WOODS

Plaintiff-Appellant

v.

TURNER INDUSTRIES GROUP, L.L.C.

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:12-CV-276

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Marilyn Woods appeals the district court's grant of summary judgment to Defendant-Appellant Turner Industries Group, L.L.C., dismissing her action against her former employer. Woods asserted hostile work environment sexual harassment, in violation of Title VII and the Texas Labor Code. Her petition included allegations of retaliation and wrongful

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

termination. The district court granted summary judgment in favor of Turner, dismissing Woods's Title VII claim and declining to exercise supplemental jurisdiction of her state claims.

The district court issued a 25 page Memorandum and Order in which it carefully and patiently explicated the facts and the law which led it to conclude that, despite sufficiently alleging that she belonged to a protected class, that she was subjected to unwelcome sexual harassment by a co-worker, and that the harassment affected a term, condition, or privilege of her employment, Woods had not, and could not, allege facts sufficient to show that Turner knew or should have known of the harassment and failed to take prompt remedial action. We agree in principle part with the analysis of the district court and only write to emphasize the central factual and legal points that inform our decision to affirm its judgment.

First, the male harasser of the female plaintiff in this case was not a supervisor, but a co-worker. Complicating the situation, however, is the fact that the harasser's father worked for Turner and was higher up the employment ladder than Woods, her harasser, and their immediate supervisor, Bean. Accepting the allegations that Woods complained to Bean and that Bean was personally aware of – and sometimes a witness to – the sexual harassment suffered by Woods, we also accept the allegations that Bean, like Woods, herself, was reluctant to report the harassment to the harasser's father or his superiors for fear that the father would retaliate.

That said, however, we agree with the district court that, based on all summary judgment evidence, Turner did not know, and should not have known, of the harassment suffered by Woods; and, without that knowledge, it could not "fail to take prompt remedial action." Turner had in place a clear and explicit written system for lodging such complaints, consisting of a pair of policies for reporting untoward acts. First, its Workplace Harassment &

No. 13-40905

Discrimination Policy specifies that all such complaints "**MUST** be reported immediately or as soon as possible to:  1-800-626-1735," which instruction is repeated for emphasis at the end of the second paragraph of that policy. Additionally, in its "Workplace Anti-Discrimination & Harassment Policy," Turner instructs all employees that complaints regarding harassment or discrimination by any manager, fellow employee, vendor, client or non-employee should be reported immediately via that same toll-free number, then emphasizes that "It is not necessary for an employee to complain first to an offending supervisor in order to report harassment or discrimination."

Woods was aware of these policies and even borrowed a co-worker's handbook to get the toll-free number.  And, after some understandable delay, Woods did, in fact, call the 800 number and report the harassment of her co-worker and Bean's failure to take action; and Turner fired both men immediately after receiving that report.

As this demonstrates that her employer had a fully disseminated complaint system in place and that it took prompt remedial action when Woods used that system, the district court correctly held that Woods had not presented a prima facie case of hostile environment sexual harassment by a non-supervisory co-worker within the law as established by the Supreme Court in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) and by our subsequent cases, e.g., *Stewart v. Miss. Transp. Comm'n*, 586 Fed.3d 312 (5th Cir. 2009); *Woods v. Delta Beverage Grp., Inc.*, 274 Fed.3d 295 (5th Cir. 2001).  Moreover, the allegations by Woods that Turner approved reporting harassment "up the line" from next supervisor to higher supervisors does not diminish the significance of its dual written policies and its prompt and strict adherence to them following Woods's call to the hotline that Turner maintained for such purposes.

3

No. 13-40905

For these reasons and those more fully expressed by the district court in its fulsome opinion, the judgment of that court is, in all respects, AFFIRMED.